IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| SHANNON NIX, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 1:16-CV-127-VEH |
| | ) |
| MAPCO EXPRESS, INC., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

**I.   Introduction and Procedural History**

Plaintiff Shannon Nix ("Ms. Nix") initiated this personal injury action in the Circuit Court of Calhoun County, Alabama on December 30, 2015. (Doc. 10 at 1 ¶ 1). Defendant Mapco Express, Inc. ("Mapco") removed Ms. Nix's lawsuit to federal court on January 25, 2016, on the basis of diversity jurisdiction. (Doc. 1 at 2 ¶ 3). Ms. Nix, on April 15, 2016, filed a Motion To Remand (the "Motion"). (Doc. 10). Mapco responded to her Motion on April 21, 2016. (Doc. 11).

**II.   Analysis**

The burden of establishing federal jurisdiction falls on the party who is attempting to invoke the jurisdiction of the federal court. *McNutt v. Gen. Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 189, 56 S. Ct. 780, 785, 80 L. Ed. 1135

(1936). Thus, here the jurisdictional burden falls upon the removing party, Mapco. 28 U.S.C. § 1332 is the jurisdictional statute upon which Mapco relies. Section 1332(a)(1) bestows this court with the authority to hear disputes arising under state law when complete diversity of citizenship exists between the adverse parties <u>and</u> the lawsuit meets the amount in controversy threshold. *See* 28 U.S.C. § 1332(a)(1) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--(1) citizens of different States[.]").

As Ms. Nix indicates in her Motion, on March 14, 2016, she filed a post-removal Amended Complaint. (Doc. 8). In this amended pleading, Ms. Nix limits the amount of damages that she will accept to <u>below</u> the jurisdictional threshold for diversity actions:

> WHEREFORE, the Plaintiff(s) in this matter make a prayer of relief to this Honorable Court that the Defendant[] be ordered to pay to the Plaintiff compensatory damages and other damages sustained by the Plaintiff(s), <u>up to but not exceeding an amount of $74,999.99</u>, and also ask this Court to grant any other relief that may be fair and just under the circumstances.

(Doc. 8 at 5 (emphasis added)); (*see also* Doc. 10 at 2 ¶ 5 ("In her Amended Complaint, the Plaintiff expressly and specifically disclaims any and all damages sought that equal or exceed an amount of $75,000.")). Ms. Nix also has filed an

affidavit "waiv[ing] and/or disclaim[ing] any damages equaling or exceeding an amount of $75,000 resulting from the claims [she] ha[s] alleged . . . ." (Doc. 10-1 at 1).

In light of these filings, Mapco has responded that it "consents to Plaintiff's Motion to Remand the case to the Circuit Court of Calhoun County, Alabama." (Doc. 11 at 2 ¶ 6). As relief in the form of a remand is now uncontested, the court does not need to reach the issue of whether Ms. Nix post-removal Amended Complaint and affidavit are effective in destroying this court's diversity jurisdiction. *Cf. St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289-90, 58 S. Ct. 586, 590-91, 82 L. Ed. 845 (1938) ("Events occurring subsequent to the institution of suit which reduce the amount recoverable below the statutory limit do not oust jurisdiction.").

### III. Conclusion

Thus with the parties in agreement and, more specifically, Mapco's express consent to return to state court, the Motion is due to be granted and this case is due to be remanded to the Circuit Court of Calhoun County. The court will enter a separate remand order in conformance with this opinion.

**DONE** and **ORDERED** this 11th day of May, 2016.

                                      **VIRGINIA EMERSON HOPKINS**
                                      United States District Judge